54 F.3d 775
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Herbert Earl YOUNG, a/k/a Sealed, Defendant-Appellant.
 No. 94-5737.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 20, 1995.
Decided May 16, 1995.
 
 Daniel J. Farnsworth, Greenville, SC, for appellant. David Calhoun Stephens, Assistant United States Attorney, Greenville, SC, for appellee.
 Before WIDENER, WILKINSON, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Herbert Earl Young pled guilty to conspiracy to possess with intent to distribute and to distribute crack cocaine, 21 U.S.C.A. Sec. 846 (West Supp.1994), and was sentenced to a term of 77 months. His attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising one issue but stating that, in his view, there are no meritorious issues for appeal. Young has been informed of his right to file a supplemental brief, but has not chosen to file a brief.
 
 
 2
 We find that the issue raised by counsel is without merit. Young did not request a departure below the guideline range, and no basis for a departure was identified at the sentencing hearing. Therefore, the district court's failure to depart is not properly raised as an issue on appeal. Even if the issue were before us, a sentencing court's failure to depart is not reviewable. United States v. Bayerle, 898 F.2d 28, 31 (4th Cir.), cert. denied, 498 U.S. 819 (1990). As required by Anders, we have independently reviewed the entire record and all pertinent documents. We have considered all arguable issues presented by this record and conclude that there are no non-frivolous grounds for appeal. Accordingly, we affirm the conviction and sentence.
 
 
 3
 We deny Young's attorney's motion to withdraw. This Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.
 
 
 4
 We dispense with oral argument because the facts and legal contentions are adequately presented in the record and briefs, and oral argument would not aid the decisional process.
 
 AFFIRMED